MADELINE B. COOMBS, et al., by Guardians

*vs.*

CORNELIA G. FESSENDEN, et al.

Androscoggin.    Opinion January 3, 1916.

*Deed.        Delivery.        Exceptions.        Real Action.        Title.*

The only issue at the trial was whether a certain deed from William C. Coombs to his mother, Marcia G. Coombs, was delivered. Both the grantor and grantee are dead. The deed was found unrecorded among the grantee's papers after her death. The verdict was that the deed was delivered, and the case comes up on exceptions and motion by the plaintiffs.

*Held:*

1. There was no error in any of the instructions that were given.

2. The chief contention of the plaintiffs throughout the trial was, that assuming all the facts connected with the execution and transfer of the deed to be as stated by Mr. Springer, the attorney, still those facts did not conclusively establish that the parties actually intended at the time that the title was to immediately pass, and the plaintiffs urged that the evidence introduced of the circumstances and situation of the parties and their subsequent acts and statements was sufficient to justify the jury in finding that the deed was not in fact delivered with that intention.

3. The gist of the requested instructions, that were refused, was, that the jury might find Mr. Springer's testimony to be true and still find for the plaintiffs on the question of legal delivery of the deed, provided they were satisfied from all the evidence in the case that, although the deed was physically transferred from the grantor to the grantee, nevertheless the parties did not intend that the title and ownership of the property should immediately pass to Mrs. Coombs.

We think the requested instructions were sound in law and appropriate to be given as applicable to an issue which the plaintiffs had raised in the case and introduced some evidence to support.

4. The question whether the plaintiffs were prejudiced by the refusal of the requested instructions is not free from doubt. But after a full examination of all the evidence, the court is unable to reach the conclusion that they may not have been prejudiced thereby, for there was considerable evidence introduced tending to show that the parties treated the property after the alleged delivery of the deed as if no transfer of the title had in fact been made.

It is therefore the opinion of the court that the plaintiffs' exceptions to the ruling denying their requested instructions must be sustained. This conclusion makes a consideration of the motion unnecessary.

On motion and exceptions by plaintiff. Exceptions sustained. Motion not considered.

This is a writ of entry to recover three parcels of land. The only issue was whether a certain deed from William C. Coombs to his mother, Marcia G. Coombs, dated July 1, 1909, was a valid conveyance. The case was submitted to the jury in the form of one question: "Was this deed which was dated and acknowledged July 1, 1909, delivered by the grantor, William C. Coombs, to the grantee, Marcia G. Coombs?" The jury answered this question in the affirmative. The plaintiff had various exceptions to the exclusion and admission of evidence, which are considered in the opinion, and also filed a motion for a new trial.

The case is stated in the opinion.
*Oakes, Pulsifer & Ludden,* for plaintiff.
*Ralph W. Crockett,* for defendants.

SITTING: SAVAGE, C. J., SPEAR, KING, BIRD, HALEY, HANSON, PHILBROOK, JJ.

KING, J.   This is a real action brought in behalf of the plaintiffs by their guardians for the recovery of three parcels of land. They claim title to it by descent as the daughters and only heirs of William C. Coombs. The only issue at the trial was whether a certain deed from William C. Coombs to his mother, Marcia G. Coombs, was delivered, and that issue was submitted to the jury by the following question: Was this deed, which was dated and acknowledged July 1st, 1909, delivered by the grantor, William C. Coombs, to the grantee, Marcia G. Coombs? The jury answered in the affirmative, and the case comes before this court upon exceptions and motion for a new trial by the plaintiffs.

THE EXCEPTIONS.

Both the grantor and grantee are dead. After the death of Mrs. Coombs the deed was found among her papers. It had not then been recorded. Rufus F. Springer, the attorney who drew the deed, testified as to its execution and delivery, in substance, that William C. Coombs came to his house a little after nine o'clock in the evening of the day of the date of the deed and told him that he had made a sale of his property to his mother and requested him to go to his office and draw a deed to that effect; that on the way to the office they called at the mother's house and talked the matter over with her, after which the witness went to his office, prepared a deed, took it to Mrs. Coombs' house and read it to her but she was not satisfied with it; that he again went to his office and prepared the deed in question and returned with that to the mother's house where it was read to her in William's presence and was satisfactory to her; that William then and there signed and acknowledged the deed, whereupon the witness, after filling out his certificate of its acknowledgement, passed the deed to William, the grantor, who then handed it to his mother, the grantee. There was no direct testimony con-

tradicting those statements of Mr. Springer relating to the execution and manual delivery of the instrument. No one else was then present. Mrs. Coombs at the time was about seventy years of age, quite lame, but bright mentally. She owned other real estate. William lived with her and continued to do so until her death in January, 1913. He had pronounced habits of intemperance.

The plaintiffs contended that, notwithstanding the testimony of Mr. Springer, the deed was not delivered and accepted with an intent that the title to the property was to pass immediately, and therefore that there was not a valid legal delivery of the deed. In support of that contention the plaintiffs relied upon evidence of the circumstances and situation of the parties, of their subsequent acts in relation to the property, and of certain statements made by them, all tending to show, as the plaintiffs contended, that neither William nor his mother at the time of the manual delivery of the deed intended that the title to the property was to pass immediately from William to his mother. On the other hand, the defendants contended that the subsequent acts of the parties were not inconsistent with, but rather indicated and emphasized, an understanding on their part that the title to the property had passed to the mother, and they introduced testimony tending to support that contention.

The first exception, to the exclusion of certain testimony, was not pressed in argument and accordingly is not here considered. The other rulings complained of are thus presented by the bill of exceptions:

The presiding Justice, in his charge, after reading to the jury the testimony given by Mr. Springer as to the execution and delivery of the deed, instructed the jury, "If that testimony of Mr. Springer is true, and it is uncontradicted, that constitutes a sufficient delivery in law," and after discussing further what would constitute a sufficient delivery, said "So the first question for you to decide here is whether Mr. Springer's testimony is true or false," and after further discussion, concluded by saying: "It is for you to say whether his testimony in regard to the transaction that night is so shaken by other testimony that you do not believe what he told you, as I have read, to be the facts."

Afterwards, having described and compared in a general way the class of testimony put in by both sides, he said "You must take the whole of it into consideration and then determine whether or not what Mr. Springer says is true, and whether or not it has been overcome by any other evidence."

The contention of the plaintiffs, throughout the case, was that even assuming that all the facts connected with the execution of and transfer of the deed were actually as stated by Mr. Springer, they still did not necessarily constitute a delivery sufficient to pass the title, and pursuant to that claim, asked for the following instructions, which were given; viz., "In order to be a legal delivery the deed must be delivered with the intent that it shall pass the immediate title and not to take effect in the future or upon any contingency."

Following that the plaintiffs asked for further instruction; "If the jury shall believe that Mr. Springer's testimony does not give the entire circumstances of the transaction they are not required to find that his testimony is false in order to find for the plaintiffs. They may find if the evidence in their opinion justifies the belief, that the circumstances notwithstanding the statements of Mr. Springer that though physically transferred the deed was not delivered with intent of passing immediate title, and if so the delivery was not a valid legal delivery."

As to this instruction the court said "I can not give you that, gentlemen, in those words. I have already told you that if you believe Mr. Springer's testimony is true, and is uncontradicted and unexplained, that that would constitute in law a delivery. The weight of his testimony is for you, and at the end you are to say whether there was or was not a delivery."

On the same point, the plaintiffs asked a third instruction, as follows, "The case does not rest merely upon the question whether Mr. Springer's testimony is true or false, but upon what the jury concludes upon the whole testimony was the actual effect of the whole transaction."

As to which the court said, "I think I have covered that also in my previous charge and what I have just said."

Upon the same point, the plaintiffs asked a fourth instruction, as follows: "If the jury shall believe that Mr. Springer's testimony does not give the entire circumstances of the transaction on the night the deed was alleged to be delivered they are not required to find that his testimony is false in order to give a verdict for paintiffs as to delivery." And as to this the court said "I have told you two or three times that the effect of Mr. Springer's testimony is all for you. The whole of the testimony is for you. I cannot make it any more plain."

It is undoubtedly true as a matter of law that the facts testified to by Mr. Springer, in the absence of any qualification or explanation of them, constituted a sufficient legal delivery of the deed, since from those facts unexplained there is a justifiable inference that the parties intended that the deed should have its legal effect to transfer immediately the title to the property from the grantor to the grantee. But those facts might be qualified and explained by other evidence, by the force of which any such inference might be fully rebutted, and the lack of an intention to make a complete legal delivery be affirmatively established. The plaintiffs complain that the instructions given to the jury as to the effect of Mr. Springer's testimony were not sufficiently qualified. But we find upon examination of the charge of the learned presiding Justice that in connection with what he said to the jury as to the effect of Mr. Springer's testimony if true, as quoted in the exceptions, he added (what does not appear there) that "in the absence of any testimony contradicting those facts or explaining those facts, that is sufficient delivery." That was a correct and unexceptionable statement of the law. Nor do we find any error in any of the instructions that were given. It remains then to be considered if the plaintiffs were entitled to their requested instructions.

While it appears from the cross examination of Mr. Springer that the plaintiffs questioned the accuracy of his recollection as to what was said and done at the time of the execution and alleged delivery of the deed, it is entirely clear, as set forth in the bill of exceptions, that the chief contention of the plaintiffs throughout the case was, that assuming all the facts connected with the execution and transfer of the deed to be as stated by Mr. Springer, still those facts did not conclusively establish that the parties actually intended

at the time that the title was to immediately pass, and the plaintiffs urged that the evidence introduced of the circumstances and situation of the parties and their subsequent acts and statements was sufficient to justify the jury in finding that the deed was not in fact delivered with that intention.

The requested instructions were evidently presented by the plaintiffs because of an apprehension on their part, after the charge, that the jury might have misunderstood the real meaning of the instructions given as to the effect of Mr. Springer's testimony, and might believe that the only real question for them to decide was whether Mr. Springer testified truly, if so, and the deed was physically handed by the grantor to the grantee, then that constituted a legal delivery, losing sight of the other vital question whether, if that act was done, the parties really intended an immediate transfer of the title to the property. We cannot say that there was not some ground for such an apprehension. The attention of the jury had been specially directed to the testimony of Mr. Springer, and the importance of their ascertaining whether it was true or false had been strongly urged upon them. It is possible that they might have been impressed with the idea that the whole question as to the legal delivery of the deed hinged on whether or not Mr. Springer testified truly.

The gist of the requests that were refused was, that the jury might find Mr. Springer's testimony to be true and still find for the plaintiffs on the question of legal delivery of the deed, provided they were satisfied from all the evidence in the case that although the deed was physically transferred from the grantor to the grantee nevertheless the parties did not intend that the title and ownership of the property should immediatey pass to Mrs. Coombs. We think the requested instructions were sound in law and appropriate to be given as applicable to an issue which the plaintiffs had raised in the case and introduced evidence to support.

Were the plantiffs prejudiced by the refusal? This question is not free from doubt. But after a full examination of all the evidence the court is unable to reach the conclusion that the plaintiffs may not have been prejudiced by the refusal to give the instructions. There was considerable evidence introduced tending to show that the parties treated the property after the alleged delivery of the

deed as if no transfer of the title had in fact been made. It cannot be held, we think, with unmistakable certainty that the plaintiffs must necessarily fail ultimately. It is therefore the opinion of the court that the paintiffs' requested instructions should have been given, and that the exceptions to the ruling denying them must be sustained. This conclusion makes a consideration of the motion unnecessary.

*Exceptions sustained.*